IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM LEASURE, | | |
| | Petitioner, | No. 2:10-cv-2847 MCE DAD P |
| vs. | | |
| MICHAEL MARTEL, | | |
| | Respondent. | FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing held on March 12, 2009. Petitioner claims that the Board's decision violated both the Ex Post Facto Clause and his right to due process. The matter has been fully briefed by the parties and is submitted for decision. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied on his due process claim and that his Ex Post Facto claim be dismissed without prejudice.

/////

/////

1

I. <u>Procedural Background</u>

Petitioner is confined pursuant to a 1991 judgment of conviction entered against him in the Los Angeles County Superior Court following his conviction on two counts of second degree murder. (Doc. 1, Ex. A.) Pursuant to that conviction, petitioner was sentenced to fifteen years to life in state prison. (<u>Id.</u>)

The parole consideration hearing that is placed at issue by the instant federal habeas petition was held on March 12, 2009. (Doc. 1-2.) Three days prior to that hearing, on March 9, 2009, the Los Angeles County Superior Court granted petitioner's habeas corpus petition challenging the denial of his parole at a suitability hearing held in 2008. (Doc. No. 1 at 10.) In its order, the Los Angeles County Superior Court found that there was no evidence in the record before the Board in 2008 that petitioner was then a current danger to society. (Doc. 1-4 at 1-4.) The Superior Court remanded the matter to the Board "to reconsider its decision and to conduct a new hearing within ninety days to determine Petitioner's eligibility for parole in accordance with the requirements of due process." (<u>Id.</u> at 4.) However, the parties were unaware of the Superior Court's order when they appeared three days later at petitioner's next regularly scheduled parole suitability hearing, on March 12, 2009. (Doc. No. 1 at 11.)

Petitioner appeared at and participated in the hearing on March 12, 2009. (Doc. No. 1-2 at 6, et seq.) Following deliberations held at the conclusion of that hearing, the Board panel announced their decision to deny petitioner parole for three years as well as the reasons for that decision. (<u>Id.</u> at 139-48.) Subsequently, petitioner challenged the Board's March 12, 2009 decision in the Los Angeles County Superior Court, apparently explaining to the Superior Court that its March 9, 2009 decision was not known to the parties at the time of his March 12, 2009 parole hearing. According to petitioner, the Superior Court

> ordered the Board to conduct a new hearing compliant with its order. However, after a series of motions and orders in the trial court, it vacated its order for a new hearing because the herein-contested March 12, 2009, hearing – despite the Board's having reached the same conclusion based on the same findings that the

2

1  trial court had rejected – allegedly complied with due process, a
2  conundrum the trial court proposed to resolve by directing:
   "Petitioner is free to challenge the validity of the Board's March
3  12, 2009, order and to raise every issue he deems appropriate
   [again]."

4  (Id.; see also Doc. No. 1-4 at 6.)

5       Petitioner then challenged the Board's March 12, 2009 decision to deny him
6  parole in a petition for writ of habeas corpus filed in the Los Angeles County Superior Court.
7  (Answer, Ex. 1.)  Therein, petitioner claimed that the Board's decision to deny him parole
8  violated his right to due process because there was insufficient evidence before the Board that he
9  posed a current risk to public safety if released.  (Id.)  In addition, petitioner argued that the
10 Board's decision to defer his next parole suitability hearing for three years violated the Ex Post
11 Facto Clause of the United States Constitution.  (Id.)  The Los Angeles County Superior Court
12 denied the petition in a decision addressing the merits of petitioner's claims.  (Answer, Ex. 2.)
13 Petitioner subsequently challenged the Board's 2009 decision in a petition for writ of habeas
14 corpus filed in the California Court of Appeal for the Second Appellate District.  (Answer, Ex.
15 3.)  That petition was denied with citations to In re Lawrence, 44 Cal.4th 1181 (2008), In re
16 Shaputis, 44 Cal. 4th 1241 (2008), In re Dannenberg, 34 Cal.4th 1061, 1070-71 (2005), and In re
17 Rosenkrantz, 29 Cal.4th 616 (2002).  (Answer, Ex. 4.)  Petitioner subsequently filed a petition
18 for review in the California Supreme Court.  (Answer, Ex. 5.)  That petition was summarily
19 denied.  (Answer, Ex. 6.)

20      On October 21, 2010, petitioner filed his federal application for habeas relief in
21 this court.

22 II.  Standards of Review Applicable to Habeas Corpus Claims

23      An application for a writ of habeas corpus by a person in custody under a
24 judgment of a state court can be granted only for violations of the Constitution or laws of the
25 United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the
26 interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S. ___, ___, 131 S. Ct.

3

13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1]

---

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

4

1  Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360
2  F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ
3  simply because that court concludes in its independent judgment that the relevant state-court
4  decision applied clearly established federal law erroneously or incorrectly. Rather, that
5  application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v.
6  Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal
7  habeas court, in its independent review of the legal question, is left with a 'firm conviction' that
8  the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit
9  precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of
10 the state court's decision." Harrington v. Richter, 562 U.S.___,___,131 S. Ct. 770, 786 (2011)
11 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for
12 obtaining habeas corpus from a federal court, a state prisoner must show that the state court's
13 ruling on the claim being presented in federal court was so lacking in justification that there was
14 an error well understood and comprehended in existing law beyond any possibility for fairminded
15 disagreement." Harrington,131 S. Ct. at 786-87.

16         If the state court's decision does not meet the criteria set forth in § 2254(d), a
17 reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v.
18 Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th
19 Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because
20 of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by
21 considering de novo the constitutional issues raised.").

22         The court looks to the last reasoned state court decision as the basis for the state
23 court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir.
24 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning
25 from a previous state court decision, this court may consider both decisions to ascertain the
26 reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

banc).  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  Harrington, 131 S. Ct. at 784-85.  This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at 853.  Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief."  Harrington, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

III.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

1         A protected liberty interest may arise from either the Due Process Clause of the
2  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
3  expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209,
4  221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States
5  Constitution does not, of its own force, create a protected liberty interest in a parole date, even
6  one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of
7  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted
8  person to be conditionally released before the expiration of a valid sentence."). However, a
9  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release
10 will be granted" when or unless certain designated findings are made, and thereby gives rise to a
11 constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

12        California's parole scheme gives rise to a liberty interest in parole protected by the
13 federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th
14 Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.
15 Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in
16 this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639
17 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that
18 California law creates a liberty interest in parole.") In California, a prisoner is entitled to release
19 on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,
20 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

21        In Swarthout, the Supreme Court reviewed two cases in which California
22 prisoners were denied parole - in one case by the Board, and in the other by the Governor after
23 the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that
24 when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment
25 requires fair procedures, "and federal courts will review the application of those constitutionally
26 required procedures." Id. at 862. The Court concluded that in the parole context, however, "the

procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63. See also Pearson, 639 F.3d at 1191.[2]

IV. Petitioner's Claims

    A. Due Process

Petitioner seeks federal habeas relief on the grounds that the Board's 2009 decision to deny him parole, and the findings upon which that denial was based, were not supported by "some evidence" that he posed a current danger to society if released from prison. (Doc. 1 at 26-41.) However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case. 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1045-46 (9th Cir. 2011) (under the decision in Swarthout,

---

    [2] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

8

California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

      The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2009 parole suitability hearing. (Doc. 1-2 at 5.) As noted above, the record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons why parole was denied by the Board panel. According to the United States Supreme Court that is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1045-46; Pearson, 640 F.3d at 1191. Therefore, it now plainly appears that petitioner is not entitled to federal habeas relief with respect to his due process claim. For these reasons, the pending petition should be denied with respect to that claim.

      B. Ex Post Facto Violation

      Petitioner's next claim for relief is that application of the provisions of California Proposition 9, also known as Marsy's Law, at his 2009 parole hearing violated the Ex Post Facto Clause of the United States Constitution because it increased the deferral period for his next parole suitability hearing and resulted in his serving a longer prison sentence. (Doc. 1 at 41.) As discussed below, the undersigned finds this claim must be dismissed because petitioner is a member of the class in Gilman v. Fisher, No. CIV S-05-830 LKK GGH (Gilman), a class action lawsuit which addresses this issue.

/////

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the United States Constitution if it:  (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed.  Collins v. Youngblood, 497 U.S. 37, 52 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts."  Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (quoting Souch v. Schaivo, 289 F.3d 616, 620 (9th Cir. 2002)).  See also Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if:  (1) state regulations have been applied retroactively; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the crimes.  Himes, 336 F.3d at 854.  The retroactive application of a change in state parole procedures violates ex post facto only if there exists a "significant risk" that such application will increase the punishment for the crime.  See Garner v. Jones, 529 U.S. 244, 259 (2000).

Petitioner was convicted and sentenced to fifteen years to life in prison in 1991, seventeen years prior to the passage of Marsy's Law in November 2008.  Marsy's Law amended California law governing parole deferral periods.  See Gilman v. Davis, 690 F. Supp.2d 1105, 1109–13 (E.D. Cal. 2010) (granting plaintiffs' motion for a preliminary injunction enjoining enforcement of Marsy's Law, to the extent it amended former California Penal Code § 3041.5(b)(2)(A)), rev'd sub nom. Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011). Prior to the enactment of Marsy's Law, the Board deferred subsequent parole suitability hearings with respect to indeterminately-sentenced inmates for one year unless the Board determined it was unreasonable to expect that parole could be granted the following year.  If that determination was made, the Board could then defer the inmate's subsequent parole suitability hearing for up to five years.  See Cal. Pen. Code § 3041.5(b)(2) (2008).  Marsy's Law, which applied to petitioner at the time of his 2009 parole suitability hearing, amended § 3041.5(b)(2) to impose a minimum

10

deferral period for subsequent parole suitability hearings of three years, and to authorize the Board's deferral of a subsequent parole hearing for up to seven, ten, or fifteen years. Id. § 3041.5(b)(3) (2010).

One of the claims presented by the plaintiffs in the class action Gilman case is that the amendments to § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant risk of increasing the measure of punishment attached to the original crime." (Gilman, Doc. No. 154–1 at 13 (Fourth Amended/Supplemental Complaint), Doc. No. 183 (Mar. 4, 2009 Order granting plaintiffs' motion for leave to file a Fourth Amended/Supplemental Complaint.))  With respect to this Ex Post Facto claim, the class in Gilman is comprised of "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." (Gilman, Doc. No. 340 (Apr. 25, 2011 Order amending definition of class.))  The Gilman plaintiffs seek declaratory and injunctive relief, including a permanent injunction enjoining the Board from enforcing the amendments to § 3041.5(b) enacted by Marsy's Law and requiring that the Board conduct a new parole consideration hearing for each member of the class. (Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental Complaint) at 14.)

In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure a court may, but is not required to, permit members to opt-out of the suit. Crawford v. Honig, 37 F.3d 485, 487 n.2 (9th Cir. 1994). In certifying the Gilman class, the district court found that the plaintiffs satisfied the requirement of Rules 23(a) and 23(b)(2) that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." (See Gilman, Doc. No. 182 (Mar. 4, 2009 Order certifying class pursuant to Fed. R. Civ. P. 23(b)(2), Doc. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals Memorandum affirming district court's order certifying class.))  According to the district court in

1  Gilman, the members of the class "may not maintain a separate, individual suit for equitable
2  relief involving the same subject matter of the class action." (Gilman, Doc. No. 296 (Dec.10,
3  2010 Order) at 2; see also Doc. No. 278 (Oct. 1, 2010 Order), Doc. No. 276 (Sept. 28, 2010
4  Order), Doc. No. 274 (Sept. 23, 2010 Order.))  There is no evidence before the court at this time
5  in this habeas action suggesting that petitioner has requested permission to opt out of the Gilman
6  class action lawsuit.

7  Rather, petitioner alleges he is a California state prisoner who was sentenced to a
8  life term in state prison with the possibility of parole for an offense that occurred before
9  November 4, 2008. (Pet. at 1.)  Accepting petitioner's allegations as true, he is a member of the
10  Gilman class.  Similar to the plaintiffs in Gilman, petitioner in this habeas action alleges that
11  Marsy's Law violates the Ex Post Facto Clause because, when applied retroactively, it creates a
12  risk of increasing the length of his punishment.  Petitioner asks the court to issue a writ of habeas
13  corpus.  However, even if the court found that the Board's 2009 three-year deferral of petitioner's
14  next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle petitioner to
15  release on parole.  Because his Ex Post Facto claim concerns only the timing of petitioner's next
16  parole suitability hearing, success on that claim would not necessarily result in determinations
17  that petitioner is suitable for release from custody on parole.  Rather, petitioner's equitable relief
18  would be limited to an order directing the Board to conduct a new parole suitability hearing and
19  enjoining the Board from enforcing against petitioner any provisions of Marsy's Law found to be
20  unconstitutional.  This is the same relief petitioner would be entitled to as a member of the
21  pending Gilman class action. (See Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental
22  Complaint) at 14.)

23  Therefore, it appears clear that petitioner's rights will be fully protected by his
24  participation as a class member in the Gilman case.  Accordingly, the court recommends that
25  petitioner's Ex Post Facto claim presented by him in this federal habeas action be dismissed
26  without prejudice to any relief that may be available to him as a member of the Gilman class.

See Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications."); Johnson v. Parole Board, No. CV 12–3756–GHK (CW), 2012 WL 3104867, at * (C.D. Cal. June 26, 2012) (recommending dismissal of petitioner's Ex Post Facto challenge to Proposition 9 "without prejudice in light of the ongoing Gilman class action.") (and cases cited therein), report and recommendation adopted by 2012 WL 3104863 (C.D. Cal. July 25, 2012).

V.  Conclusion

    Accordingly, IT IS HEREBY RECOMMENDED that:

    1. Federal habeas relief be denied as to petitioner's due process claim; and

    2. Petitioner's claim that his rights under the Ex Post Facto Clause were violated by the Board's 2009 decision to defer his next parole consideration hearing for a period of three years be dismissed without prejudice to any relief that may be available to petitioner as a member of the class in Gilman v. Fisher, 05-0830 LKK GGH P.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

/////

1  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
2  1991).
3        In any objections he elects to file, petitioner may address whether a certificate of
4  appealability should issue in the event he files an appeal of the judgment in this case.  See Rule
5  11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a
6  certificate of appealability when it enters a final order adverse to the applicant); Hayward v.
7  Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of
8  appealability to review the denial of a habeas petition challenging an administrative decision
9  such as the denial of parole by the parole board).
10 DATED: October 5, 2012.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
leasure2847.hc